Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 CR 545 - 9 | DATE | 1/17/2001 |
| CASE TITLE | USA vs. WADE HEMPHILL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 2/2/01 at 9:45A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's post-trial motion for a new trial due to ineffective assistance of counsel is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 1 8 2001 date docketed | 259 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JAN 17 AM 10: 42 | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| U.S.A, | ) | |
| Plaintiffs, | ) | |
| | ) | No. 99 CR 545-9 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| Wade Hemphill, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this court is defendant Wade Hemphill's ("Hemphill") post-trial motion for a new trial due to ineffective assistance of counsel. For the following reasons, the motion is GRANTED.

### Statement of Facts

On June 1, 2000, a jury found defendant Hemphill guilty of conspiring to distribute cocaine and possession with the intent to distribute cocaine, in violation of 21 U.S.C. Sections 846 and 841(a)(1). Immediately thereafter, the defendant's trial attorney, Michael Mann ("Mann"), withdrew from the case and new counsel, Kent Carlson was appointed. On June 6, 2000, Hemphill filed a motion for a new trial, alleging ineffective assistance prior to and during trial.

Specifically, the defendant alleges that Mann failed to interview witnesses named by Hemphill whose testimony was critical to Hemphill's defense of coercion. At trial, Hemphill

testified that he only sold narcotics because he was physically beaten by Vernon Everett ("Everett) and three others on one occasion and Alex Kinsey ("Kinsey") and Quincy Jackson ("Jackson"), another time, for refusing to sell narcotics. Further Hemphill testified that Everett, Jackson, and Kinsey threatened him and his family with death if Hemphill did not agree to sell drugs for them.

Hemphill testified that he did not go to the police or other law enforcement agents, because he believed the police were being paid by those who were allegedly coercing him. On cross examination, Hemphill again testified that he did not contact the police, or any law enforcement agency, because he believed Kinsey and Jackson had the police paid off.

Mann did not present any evidence at trial to corroborate Hemphill's reason for not going to the police. Further, Mann did not attempt to contact Everett or seek the admission of Everett's Grand Jury testimony. Hemphill argues that Mann's failure to investigate the named individuals constitutes a claim for ineffective assistance of counsel.

## Standard of Review

The defendant pressing a sixth amendment claim has the heavy burden of affirmatively establishing that counsel's performance was constitutionally deficient and that the deficiency prejudiced the outcome of the trial. Harris v. Reed, 894 F.2d 871, 877 (7th Cir.1990), citing Sullivan v. Fairman, 819 F.2d 1382, 1390 (7th Cir.1987). To prove inadequate performance he must show that his counsel committed serious errors that fall "outside the wide range of professionally competent assistance." Balfour v. Haws, 892 F.2d 556, 562 (7th Cir.1989), quoting Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. He must demonstrate both that his attorney's representation fell below an objective standard of reasonableness and that there is a

2

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.1990), citing Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064-65. A reasonable probability of a different result, means a probability sufficient to undermine confidence in the outcome of the trial. Strickland, 466 U.S. at 690.[1]

### Analysis

Before this court is Hemphill's post-trial motion for a new trial based upon allegations of ineffective assistance of counsel. For the following reasons, the defendant's motion is GRANTED.

The evidence before this court demonstrates that Hemphill's claim satisfies the elements necessary to establish an ineffective assistance of counsel claim: (1) an attorney's representation fell below an objective standard of reasonableness and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland, 466 U.S. 668, 690.

With respect to the first requirement, the defendant has identified specific acts and omissions which form the basis for his claim of ineffective assistance of counsel. He has alleged that Mann, after being advised of Everett's Grand Jury testimony about paying off a police officer, failed to take any steps to obtain Everett's testimony or admit Everett's Grand Jury Testimony. Consequently, the defense did not provide any corroborating evidence that Hemphill

---

[1] The Strickland criteria for testing the ineffectiveness of criminal defense counsel have been adopted in Illinois in People v. Albanese, 473 N.E.2d 1246 (1984) and People v. Barnard, 470 N.E.2d 1005 (1984).

3

did not seek assistance from the police because the police were on Everett's payroll.

With respect to the second prong, the defendant posits that if the jury had heard testimony countering the prosecution's strenuous assertions that Hemphill's reason for not going to the police was a fabrication there is more than a reasonable probability that the jury would have reached a different result.

In response, the government argues that Mann's conscious decision not to call Everett as a trial witness was simply sound trial strategy. The government asserts that any testimony provided by Everett, either as a live witness or through admission of his Grand Jury testimony, would have further established the guilt of Hemphill as a drug dealer. Finally, the government concludes that even if Everett's testimony had been proffered, the evidence of Hemphill's guilt was so overwhelming that such testimony would not have resulted in a different verdict.

This court acknowledges the great deference accorded to attorneys under Strickland and recognizes the seriousness of the errors that must occur in order to establish ineffective assistance of counsel. In this case, however, this court believes that Mann's failure to even attempt to contact Everett, let alone call him as a witness, or provide alternative evidence that would have corroborated Hemphill's testimony constituted ineffective assistance of counsel. From the beginning, Hemphill conceded that he had sold drugs. His defense to the charges was that he was coerced into selling the drugs. Given Hemphill's defense, the logical question is why didn't he go to the police and report these threats? On the face of it, Everett's statements to the Grand Jury constitute a rational explanation for Hemphill's failure to go to the authorities. Consequently, any evidence further suggesting that Hemphill had sold drugs, such as Everett's Grand Jury testimony, would not have done significant damage to Hemphill's defense

4

and, indeed, would have supported it. Under these circumstances, this court cannot discern any objectively reasonable motive for not at least attempting to contact Everett in order to assess the costs and benefits of calling him as a witness, no matter what the trial strategy. Admittedly, the effect of Everett's testimony on the jury is difficult to ascertain. Given, however, that a critical element of Hemphill's defense was that he could not turn to any law enforcement agencies because of potential police corruption, corroborating evidence supporting this explanation would have been fairly beneficial to Hemphill. Even if Everett had not corroborated Hemphill's testimony, the jury would have had the option of weighing Hemphill's testimony against another's. Instead, the jury heard only the prosecution painting Hemphill's testimony as a fabrication. Consequently, the probability of prejudice due to Mann's errors is high enough to undermine this court's confidence in the outcome of Hemphill's trial.

## Conclusion

For the foregoing reasons, the defendant Hemphill's post-trial motion for a new trial due to ineffective assistance of counsel is GRANTED.

Enter:

David H. Coar

United States District Judge

Dated: 1-17-01

5